NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
TOBIAS ANTONIO FRANK,               :
                                    :  Civil Action No. 14-5540 (RMB)
            Plaintiff,              :
                                    :
       v.                           :  **MEMORANDUM OPINION AND ORDER**
                                    :
BRIAN REDONDO, et al.,              :
                                    :
            Defendants.             :
_____ :

**BUMB**, District Judge:

    Plaintiff, a federal inmate currently confined at the FCI Fairton ("Fairton"), submitted for filing a civil complaint executed pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), without accompanying the same by his $400 filing fee or by a duly executed application to proceed in this matter <u>in forma pauperis</u>. <u>See</u> Docket Entry No. 1.

    Plaintiff is a prolific litigant who has commenced numerous actions in federal district and appellate courts, including this District. <u>See</u>, <u>e.g.</u>, <u>United States v. Frank</u>, USCA Index No. 10-13565 (11th Cir); <u>Frank v. Shartle</u>, Civil Action No. 14-2277 (D.N.J.); <u>Frank v. Shartle</u>, Civil Action No. 13-5285 (D.N.J.); <u>Frank v. Schultz</u>, Civil Action No. 12-1848 (C.D. Ca.); <u>Frank v. United States</u>, Civil Action No. 113-113 (S.D. Ga.) ; <u>Frank v. McGrew</u>, Civil Action No. 13-0034 (C.D. Ca.); <u>Frank v. United</u>

States, Civil Action No. 12-3927 (C.D. Ca.); Frank v. United States, Civil Action No. 111-018 (S.D. Ga.); Frank v. Banks, Civil Action No. 10-8535 (C.D. Ca.).

In his Frank v. Schultz, Civil Action No. 12-1848 (C.D. Ca.) ("Frank-CDCA"), Bivens proceedings, Plaintiff applied for in forma pauperis status and was denied the same for failure to submit a complete in forma pauperis application.  Upon being advised by the Central District of California as to the in forma pauperis requirements, he cured that deficiency and asserted that he was retaliated against by prison officers because he exercised his First Amendment rights.  The Central District of California explained to Plaintiff the governing substantive test and dismissed his claims.  His appeal from that determination is currently pending before the Ninth Circuit.

While litigating his appeal in Frank-CDCA, Plaintiff commenced his Frank v. Shartle, Civil Action No. 13-5285 (D.N.J.) ("Frank-NJD"), proceedings in this District.  In Frank-NJD, a § 2241 action, he asserted that the Bureau of Prisons ("BOP") unduly denied him enrollment into the Residential Drug Abuse Treatment Program ("RDAP") administered at Fairton.  That claim was raised jointly with Plaintiff's challenge to his conviction, which repeated Plaintiff's previously litigated claim dismissed by the Southern District of Georgia and the Eleventh Circuit.  This Court dismissed Plaintiff's attack on his conviction with

prejudice, while noting that "the Eleventh Circuit [has already entered] an express admonishment regarding [Plaintiff's] litigation abuses."  Frank v. Shartle, 2014 U.S. Dist. LEXIS 59669, at *3 (D.N.J. Apr. 29, 2014) (citing United States v. Frank, 414 F. App'x 252 and 253, n.1 (11th Cir. 2011)).  In addition, this Court dismissed Plaintiff's RDAP challenges without prejudice as improperly raised under 28 U.S.C. § 2254 Rule 2(e) (applicable to § 2241 matters through Habeas Rule 1(b)) and, in addition, as facially unexhausted administratively.  See id. at 3 (citing Muniz v. Zickefoose, 2011 U.S. Dist. LEXIS 115766, at *13 (D.N.J. Sept. 30, 2011), aff'd, 460 F. App'x 165 (3d Cir. 2012)).

The instant matter followed.

Here, as in the Frank-CDCA action, Plaintiff submitted his complaint without the applicable filing fee and without in forma pauperis application.[1]  And, as in Frank-NJD, he asserted a RDAP challenge, albeit paraphrasing it as a Bivens retaliation claim mimicking his Frank-CDCA challenge: Here, he alleged that he was "removed" from the RDAP program in retaliation for his filing of

---

[1] The fee to be paid in advance of filing a civil complaint is $400.  That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  A prisoner who is granted in forma pauperis status is assessed a filing fee of $350 and not responsible for the $50 administrative fee.  If in forma pauperis status is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

grievances against Defendant Redondo ("Redondo").  See Instant Matter, Docket Entry No. 1.

Plaintiff's submission indicates that, as to the retaliation alleged here, Plaintiff filed a "sensitive" grievance with the Regional Office of the BOP, which was rejected with the following explanation: "The issue you raised is not sensitive. . . . You should file a request or appeal at the appropriate level via regular [administrative exhaustion] procedure."  Id. at 16. Nothing in Plaintiff's submission indicates that he resorted to the regular administrative exhaustion procedure as directed or that he completed the administrative process.  See, generally, Instant Matter, Docket.

In light of the foregoing, this Court notes its grave concern with Plaintiff's abusive litigation practices that have become emblematic of his suits.  As the Central District of California already explained to Plaintiff, the Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  Under the Act, a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  See 28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period

4

immediately preceding the filing of his complaint. See 28 U.S.C. § 1915(a)(2). Plaintiff has been aware of this requirement since, at the very least, November 7, 2012. See Frank-CDCA, Docket Entry No. 2. He, however, failed to comply with this requirement here.

Moreover, he seemingly failed to comply with the exhaustion requirement, even though: (a) he was expressly advised to resort to the regular administrative exhaustion procedure and complete the administrative process; and (b) submitted his pleading at bar seemingly prior to completion of the administrative process, thus barring his claims here. See Ahmed v. Dragovich, 297 F.3d 201, 209 n.9 (3d Cir. 2002) (the court must dismiss unexhausted Bivens complaint where the administrative process is available, since completion of exhaustion after the filing of a lawsuit does not and cannot cure the initial defect of failure to exhaust).

Furthermore, Plaintiff's claim raised here, i.e., that he was retaliatorily "removed" from the RDAP program appears in direct contradiction with his Frank-NJD claim that he was "denied enrollment" into the RDAP program ab initio.

Finally, Plaintiff's retaliation claim is wholly silent as to what explanation, if any, Plaintiff was given as to the reason(s) for his removal from the RDAP program. In his Frank-CDCA action, Plaintiff was expressly notified by the court that a substantial aspect of any retaliation inquiry is the fact-

specific analysis as to whether "the challenged action . . . reasonably advance[d] a legitimate correctional goal." <u>Frank-CDCA</u>, Docket Entry No. 75, at 14.  Being so advised, Plaintiff, however, included in his submission only his grievances and not the response(s) he received, and his pleading is silent as to the issue.  So pled, Plaintiff's claim leaves it to this Court's conjecture as to the reason given for Plaintiff's removal from the RDAP program (that is, if he was enrolled into the program, contrary to his <u>Frank-NJD</u> claim), and whether that reason could have reasonably advanced a legitimate correctional goal.  Therefore, Plaintiff's complaint here is insufficient as pled. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. [It demands] more than an unadorned, the defendant-unlawfully-harmed-me accusation"); <u>see</u> <u>also</u> <u>Phillips v. Cty of Allegheny</u>, 515 F.3d 224, 230-34 (3d Cir. 2008) ("allegations must be . . . above the speculative level") (citations, brackets and quotation marks omitted).[2]

---

[2]  Moreover, Plaintiff cannot obtain the facts he has to plead by conducting discovery: he would become entitled to conduct discovery after he states the facts amounting to a plausible claim.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 686 ("he question [of sufficiency of] pleadings does not turn [on] the discovery process.  [The plaintiff] is not entitled to discovery [where the complaint asserts some wrongs] 'generally,' [<u>i.e.</u>, as] a conclusory allegation").

THEREFORE, it is on this **19th** day of **September 2014**;

**ORDERED** that Plaintiff's implied request to proceed in forma pauperis is denied without prejudice; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, CIVIL CASE TERMINATED," without filing the complaint or assessing a filing fee; and it is further

**ORDERED** that this Court retains jurisdiction over this matter for the period of ninety days, subject to extension, if warranted; and it is further

**ORDERED** that, if Plaintiff wishes to reopen this case, he shall submit, within thirty days from the date of entry of this Memorandum Opinion and Order, either: (a) a complete, signed in forma pauperis application, including a certified six-month prison account statement; or (b) his $400 fee; and it is further

**ORDERED** that, in the event Plaintiff prepays his filing fee or submits a complete in forma pauperis application, he shall accompany the same by a written statement: (a) showing cause as to why his retaliation claim should not be dismissed as facially unexhausted administratively by the time of his commencement of this action; (b) clarifying how Plaintiff could have been "removed" from the RDAP program if, according to his Frank-NJD

7

pleading, he was not never enrolled in the RDAP program;[3] and (c) detailing the explanations Plaintiff was offered as to the bases for his alleged removal from the RDAP program (or averring that no explanations were ever offered to him); and it is further

**ORDERED** that the Clerk shall terminate Defendants Schultz and Byrd as defendants in this matter;[4] and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail, and shall enclose in said mailing: (a) a blank application form for prisoners seeking to proceed in forma pauperis in a civil matter; and (b) a blank civil complaint form.

s/Renée Marie Bumb
**RENÉE MARIE BUMB,**
**United States District Judge**

---

[3] See Love v. N.J. Dep't of Corr., 2011 U.S. Dist. LEXIS 10102, at *105 (D.N.J. Jan. 31, 2011) (citing Jackson v. Broad. Music, Inc., 2006 U.S. Dist. LEXIS 3960, at *18 (S.D.N.Y. Jan. 31, 2006), for the observation that "the court may take judicial notice of admissions in pleadings filed by a party that contradict the party's factual assertions in a subsequent stage") (brackets, ellipses and citation omitted).

[4] Defendants Schultz and Byrd were defendants in Plaintiff's Frank-CDCA action dismissed by the Central District of California. They are not implicated in Plaintiff's claim raised in this matter.